**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4413**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ETOYI MONRAY BLOUNT, a/k/a E,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:05-cr-00009-31)

Submitted:  November 21, 2007          Decided:  December 7, 2007

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert W. Adams, Hickory, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Etoyi Monray Blount pled guilty to conspiracy to possess with intent to distribute more than fifty grams of crack cocaine, more than five kilograms of cocaine, and more than 1000 kilograms of marijuana, in violation of 21 U.S.C. § 846 (2000). The district court imposed a 262-month sentence, the bottom of the advisory sentencing guideline range. Blount's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting that Blount's sentence violates the Sixth Amendment but stating that, in his view, there are no meritorious issues for appeal. Blount was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel suggests that the district court violated Blount's Sixth Amendment rights at sentencing by applying the guidelines in a mandatory fashion. After United States v. Booker, 543 U.S. 220 (2005), courts must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "A sentence within the proper Sentencing

- 2 -

Guidelines range is presumptively reasonable." United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of reasonableness to within-guidelines sentence).

Here, the district court sentenced Blount in accordance with Booker, properly calculating the guideline range, appropriately treating the guidelines as advisory, and considering the § 3553(a) factors. Blount's 262-month sentence is the bottom of the guideline range and is below the statutory maximum sentence of life imprisonment. See 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2007). Finally, neither Blount nor the record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable. We therefore conclude that the sentence is reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
